## CHIDSEY *v.* WAYNE CIRCUIT JUDGE.[1]

1. PARTITION—PARTIES—RIGHT OF REDEMPTION.

A co-tenant whose interest has been foreclosed, but who still has a right to redeem by reason of an extension of time, is a proper party to a partition proceeding.

2. SAME—NOTICE—DEFENSE.

A party to a partition proceeding is chargeable with notice of the contents of the bill, and, if any of the allegations therein affect his rights adversely, he should appear and defend at the proper time.

3. SAME — DEFAULT — MOTION TO SET ASIDE — DELAY — WANT OF JOINT OWNERSHIP.

A bill to partition two parcels of land set up the foreclosure of a mortgage on the interest of a defendant in one parcel, but alleged that the foreclosure sale was still open to redemp-

[1] Rehearing denied October 18, 1902.

tion, because of an agreement extending the time; and the answer of the mortgagee was silent as to such allegation. The bill was taken as confessed against the mortgagor, after due service of process. Three years later, after partition had been made at considerable expense, she moved to set aside the default, and have the proceedings declared void, on the ground that she in fact had no interest in the mortgaged parcel at the time the bill was filed. *Held,* that the motion was properly denied.

*Mandamus* by Mary P. Chidsey to compel Joseph W. Donovan, circuit judge of Wayne county, to set aside a default in a partition proceeding. Submitted April 22, 1902. (Calendar No. 19,317.) Writ denied June 3, 1902.

*George W. Radford,* for relator.

*Gray & Gray,* for respondent.

Grant, J. On December 22, 1898, one Mrs. Frances P. Edwards filed a bill for partition, making the relator and others parties thereto. The property belonged to Philo Parsons in his lifetime. He left seven children, of whom the relator and Mrs. Edwards were two. The lands were situated in the city of Detroit, fronting upon Woodward avenue and Watson street; extending from Woodward avenue back to John R. street. A strip 74 feet wide next to Watson street was the property of Mrs. Parsons. The 43 feet adjoining that belonged to Mr. Parsons. Relator had mortgaged her interest in the land belonging to her mother to one Jennie M. Collier. That mortgage was foreclosed, a foreclosure deed executed and recorded, and the time of redemption, if no extension of time had been given, had expired 12 days before this bill was filed. The bill of complaint alleged the foreclosure proceedings, the execution and recording of the deed thereunder, and then alleged that "said foreclosure sale is still open to redemption, under an agreement extending the time therefor." The bill was taken as confessed against relator after due process was served upon her. Mrs. Collier answered, but

did not deny the above allegation; her answer being entirely silent in regard to it. Further proceedings were had, resulting in the appointment of commissioners and partition, and on March 24, 1902, the final report of the commissioners was confirmed. Relator's husband appeared for her when the report came up for confirmation, and made the sole objection that there was an error in the southerly line of the property. Adjournments were had at the request of Mr. Chidsey, and the final adjournment was granted upon the statement of relator's representatives in court that, if an agreement in regard to the land could not be had, no further objection to the confirmation of the report would be made. On March 24, 1902, relator applied to the court for an order setting aside her default, declaring all the proceedings void, and giving her permission to appear and defend. The motion was denied, and she now asks the writ of *mandamus* to compel the court to grant her motion.

Relator does not claim any misrepresentation on the part of the complainant in the bill for partition, or any one else connected therewith. She rests "on the assumption that the proceeding was a formal one, and that her rights would be protected by the court." The bill positively asserted that the time of redemption from the foreclosure proceedings had been extended. If so, she still had an interest in the property, and was a proper party to the suit. She is chargeable with notice of the contents of the bill. If, as she now asserts, she had parted with her title to lot 4, the bill could not have been maintained, because she had no interest therein. If, on the contrary, the time of redemption had been extended, she still had an interest, and was properly made a party. The answer of Mrs. Collier is a virtual admission of the truth of the allegation. No one thought it worth while to deny this allegation or to contest it until the close of the proceedings, which lasted three years, and which have subjected the parties to great expense. We think it was the duty of relator to know what was in the bill of complaint, and,

if there were any allegations there affecting her rights adversely, it was her duty to appear and defend. Then was her time to speak. We do not think that she is now in position to have these proceedings all set aside, and further expense incurred.

The writ is denied.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.